# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: GERBER PROBIOTIC PRODUCTS MARKETING
AND SALES PRACTICES LITIGATION**                    MDL No. 2397

## ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Eastern District of Washington *Burns* action moves to centralize this litigation in the Eastern District of Washington or, alternatively, in the Southern District of California. This litigation currently consists of ten actions, as listed on Schedule A, pending in five districts. The cases in this litigation involve allegations that Defendants Gerber Products Company (Gerber) and Nestlé USA, Inc., misleadingly advertise and market infant formulas and cereals as promoting immunity, digestive health, and visual and cognitive function because they contain probiotic cultures, prebiotic ingredients, docosahexaenoic acid (DHA), and/or arachidonic acid (ARA).[1]

Plaintiffs in the Northern District of California *Gray* and the Eastern District of California *Ginger* actions support the motion. Plaintiffs in the five consolidated actions pending in the District of New Jersey support centralization only in the District of New Jersey. The defendants initially opposed centralization, arguing that the non-New Jersey actions should either be dismissed or transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). At oral argument, however, counsel for the defendants announced that they now support centralization in the District of New Jersey.

Although all the parties now support centralization, the Panel has an institutional responsibility that goes beyond accommodating the particular wishes of the parties. The actions here unquestionably involve common factual and legal issues—including nearly identical factual allegations regarding defendants' labeling and marketing of their products, as well as overlapping, if not identical, putative classes. We do not agree, however, that Section 1407 centralization is necessary at this time.

## I.

We previously have denied centralization where there is a "reasonable prospect" that the resolution of Section 1404 motions could eliminate the multidistrict character of the actions before

---

[1] Probiotic cultures are live microorganisms (*i.e.*, yeasts and bacteria) resident in the digestive system that are believed to be beneficial to the host, while prebiotics are non-digestible food ingredients that stimulate the growth of such bacteria. DHA and ARA are nutrients present in breast milk.

us. *In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002). We are persuaded that such a reasonable prospect exists in this litigation.

Five of the ten actions on the motion are pending and consolidated in the District of New Jersey, where Gerber is headquartered and the marketing and advertising at issue purportedly emanated. Among these five actions is the first-filed *Siddiqi* action, which was filed in the Central District of California and subsequently transferred to the District of New Jersey. Thus, one transferor court already has concluded that under Section 1404 the District of New Jersey is the proper venue for this litigation. All of defendants' Section 1404 motions in the other non-New Jersey actions remain pending.[2] While the Panel does not judge the merits of defendants' motions to transfer, certainly some reasonable prospect exists that the multidistrict character of this litigation could be resolved through resolution of the pending Section 1404 motions. *See In re Michaels Stores, Inc., Pin Pad Litig.*, 844 F. Supp. 2d 1368, 1368-69 (J.P.M.L. 2012) (denying centralization where one action had already been transferred pursuant to Section 1404); *In re Dollar Tree Stores, Inc., Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) (denying centralization where Section 1404 motions were pending in the remaining actions). Accordingly, centralization is not necessary at this time.

## II.

The Panel has often stated that centralization under Section 1407 "should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). These options include: Section 1404 transfer; dismissal or stay under the first-to-file doctrine; agreement by plaintiffs to voluntarily dismiss their actions in favor of one district; and cooperation and coordination among the parties and the various transferor courts. It is perhaps helpful to describe why transfer under Section 1404(a), in particular, is sometimes preferable to centralization.

Centralization under Section 1407 is not permanent. It is limited to pretrial proceedings only, and Section 1407 "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998). In contrast, Section 1404(a) transfer is for all purposes, including trial. For this reason, transfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407. This alone produces significant advantages. It allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with

---

[2] In the Eastern District of Washington, Judge Edward F. Shea denied defendants' motion to dismiss based on the first-to-file doctrine, but stayed the alternative motion to transfer, concluding that the action "should not proceed independently from [the consolidated action in the District of New Jersey], as judicial economy counsels against unnecessary duplication." *Burns v. Gerber Prods. Co.*, C.A. No. 12-05027, at *8 (E.D. Wash. Sept. 4, 2012). In the other non-New Jersey actions, defendants' motions have either been stayed *in toto* or taken under submission.

multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded.[3] On the other hand, Section 1407 remands can involve motions practice and may require transferor courts to spend time to re-familiarize themselves with the actions.

Section 1404 rulings also can aid the Panel in its decision whether and where to centralize a given litigation. As noted above, transfer under Section 1404 may moot the multidistrict character of a litigation and allow a consolidated proceeding in one court with jurisdiction over the pretrial, trial, and post-trial aspects of the litigation. Where Section 1404 transfer does not moot the multidistrict litigation, transfer may allow the Panel to better assess where a multidistrict litigation should be assigned. The Panel often considers the location of the majority (or significant minority) of pending actions and Section 1404 transfer can create a larger locus of actions. Further, to the extent that transfer under Section 1404 results in a larger number of actions pending in the transferee district, the efficiency of the multidistrict litigation may be enhanced by increasing the number of cases in the bellwether trial pool.[4]

Consequently, where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization. *See In re Air Crash Over the Hudson River Near New York, New York on August 8, 2009*, 716 F. Supp. 2d 1360, 1360 (J.P.M.L. 2010) ("While transfer under Section 1407 for pretrial purposes can streamline litigation, thereby benefitting the parties and the courts, transfer under Section 1404(a) for all purposes should be attempted, where appropriate."). As with any general principle, there will be exceptions. For example, where there are numerous actions on a motion or numerous anticipated tag-along actions, coordination or consolidation through Section 1404 may become a less reasonable prospect. *See, e.g.*, *In re Oxycontin Antitrust Litig.*, 314 F. Supp. 2d 1388 (J.P.M.L. 2004) (centralizing litigation, even though several motions to transfer had already been granted, involving 41 potential tag-along actions). No such concerns are presented in this litigation,

---

[3] Using the present litigation as an example, if the non-New Jersey courts ultimately were to decide to transfer those actions to the District of New Jersey, those actions could be consolidated with the other actions pending (and consolidated) in that district, avoiding the need for remand to the non-New Jersey districts for trial following the completion of pretrial proceedings and, if appropriate, possibly allowing for one trial of all actions.

[4] In *Lexecon*, the Supreme Court held that transferee courts presiding over multidistrict litigation have no authority to invoke Section 1404 to assign centralized actions to itself for bellwether trials. *See id.* at 961-64. Some transferee courts had previously applied Section 1404 to transfer actions in the multidistrict litigation to themselves in order to conduct bellwether trials. Following *Lexecon*, transferee courts are limited to conducting bellwether trials (or any other trial or post-trial proceedings) in those actions over which the transferee court has jurisdiction outside the multidistrict context, either because the action was filed directly with the transferee court or because the parties waived their right to remand to the transferor court. Thus, even if a litigation is likely to be centralized by the Panel, Section 1404 transfer by transferor courts—*before* centralization—can result in a larger pool of potential bellwether cases for the transferee court.

however. No new action has been filed in nearly five months and no party has suggested that any further related actions will be filed.

### III.

Accordingly, on the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization at this time will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. A reasonable prospect exists that resolution of the pending Section 1404 motions could eliminate the multidistrict character of these actions. We are sympathetic to the concern expressed by the defendants at the hearing session that, if any of their motions to transfer are denied, they may find themselves litigating actions on opposite ends of the country involving duplicative discovery and warring plaintiffs' counsel. Should that occur, the parties may file another Section 1407 motion, and the Panel will revisit the question of centralization at that time. *See, e.g.*, *In re Glaceau VitaminWater Mktg. & Sales Practices Litig. (No. II)*, 764 F. Supp. 2d 1349, 1350 (J.P.M.L. 2011) (centralizing litigation, in which prior motion to centralize had been denied, because filing of additional related actions undermined parties' prior agreement to voluntarily consolidate their actions).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: GERBER PROBIOTIC PRODUCTS MARKETING**
**AND SALES PRACTICES LITIGATION**　　　　　　　MDL No. 2397

## SCHEDULE A

Eastern District of California

Chad Ginger v. Gerber Products Company, et al., C.A. No. 1:12-00652

Northern District of California

Maria Alvarez v. Gerber Products Company, et al., C.A. No. 5:12-00906
Brandi Gray v. Gerber Products Company, et al., C.A. No. 5:12-01964

Southern District of California

Shavonda Hawkins v. Gerber Products Company, C.A. No. 3:12-00465

District of New Jersey

Janna Thomas v. Gerber Products Company, et al., C.A. No. 2:12-00835
Irene Dourdoulakis, et al. v. Gerber Products Company, et al., C.A. No. 2:12-01098
Jasmine Walker v. Gerber Products Company, C.A. No. 2:12-01149
Andrew Rudich v. Gerber Products Company, C.A. No. 2:12-01283
Saba Siddiqi v. Gerber Products Company, et al., C.A. No. 2:12-01878

Eastern District of Washington

Ryan Burns v. Gerber Products Company, et al., C.A. No. 2:12-05027